# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT INNIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 07-1343 |
| HARRY WILSON, et al., ) | Judge Lancaster |
| ) | Magistrate Judge Caiazza |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the Motions to Dismiss filed by the Defendants (Docs. 29 and 34) be granted.

### II. REPORT

Robert Innis ("Innis" or "the Plaintiff") is a state prisoner currently incarcerated in the State Correctional Institution at Fayette ("SCI-Fayette"). Innis alleges that he sustained injuries to his back and knee when a table he was writing on collapsed on August 10, 2006 (Doc. 3, p. 4). Innis was seen by medical personnel after the incident, and was given aspirin, a walking cane, and an ace bandage for his knee. The following day, an x-ray of the Plaintiff's back was negative, and he was given more medication by a physician's assistant (Id.). A few days later, Innis was unable to get out of bed, at which point he was taken to the hospital at SCI-Fayette and given a

cortizone injection (Id.). Innis asserts that he has complained of pain in his back and knee, as well as headaches, "at least once every five (5) days" since August, 2006, and that he has been given a range of medications which, he asserts, "have not helped." (Doc. 3, pp. 4-5). Innis seeks compensatory damages and "total medical assistance without cost" (Doc. 3, p. 3).

The Defendants have filed Motions to Dismiss (Docs. 29 and 34). Innis has responded (Doc. 39), and a Reply has been filed (Doc. 41). The Motions are ripe for disposition.

## A. **The Applicable Standard**

The standard applicable to a Rule 12(b)(6) motion is that dismissal is appropriate if no relief could be granted under any set of facts that could prove consistent with the allegations in the Complaint. Hishon v. Spalding, 467 U.S. 69, 73 (1984); Bartholomew v. Fischl, 782 F.2d 1148, 1152 (3d Cir.1986). Additionally, the Supreme Court recently clarified the Rule 12(b)(6) standard in Bell Atlantic Corporation v. Twombly. ___ U.S. ___, 127 S. Ct. 1955 (2007). Specifically, the Court "retired" the language in Conley v. Gibson, 355 U.S. 41, (1957); i.e., "'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief.'" Twombly, 127 S. Ct. at 1968 (quoting Conley, 355 U.S. at 45-46). Instead, the Supreme Court instructed

that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

B. **The Analysis**

Defendants Paul Donagaul, Michael J. Herbik, M.D., Chris Myers and Debra Cowden (the "Medical Defendants") assert that Innis has failed to state a claim because he has not alleged sufficient facts which show that they acted with deliberate indifference to his serious medical needs. The court agrees.

Innis's civil rights claims are premised upon the Eighth Amendment of the United States Constitution, which protects against the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. This protection guarantees incarcerated persons humane conditions of confinement. Generally, prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care. Estelle v. Gamble, 429 U.S. 97, 104 (1978). In the context of a claimed denial of medical treatment, an inmate must show two elements to demonstrate a violation of his rights as protected by the Eighth Amendment: 1) that he was suffering from a "serious" medical need; and 2) that the prison officials were "deliberately indifferent" to the serious medical need. Id.

The first element requires a plaintiff to demonstrate a medical need that is objectively "sufficiently serious." Here, an injury to Innis' back and knee is alleged in his Complaint and

the treatment he has received is sufficient at this point to establish that the medical need is sufficiently serious.

In the context of this case, even where there is a serious medical condition, a prisoner must also allege facts which would permit a jury to conclude that the defendant prison officials <u>subjectively</u> acted with a sufficiently culpable state of mind. Twombly, 127 S. Ct. at 1965 ("[f]actual allegations must be enough to raise a right above the speculative level"). Generally speaking, an **intentional** refusal to provide **any** medical treatment to an inmate suffering from a serious medical need manifests deliberate indifference and is actionable. Young v. Quinlan, 960 F.2d 351 (3d Cir. 1992). Even where no treatment is provided, however, there must be facts alleged from which an inference may be made that the failure to provide treatment was, in fact, intentional or deliberately indifferent to an inmates serious medical need. The Supreme Court has explicitly stated that "in the medical context, an **inadvertent** failure to provide medical care" does not rise to the level of deliberate indifference. Gamble, 429 U.S. at 105-106(emphasis supplied).

Here, Innis alleges that he was provided treatment on numerous occasions. His complaint, then, is not that he was denied all treatment, but that the treatment he was provided with was inadequate. When pleading an Eighth Amendment claim, Innis must allege that the care he received was so inadequate that the

Defendants were deliberately indifferent to his medical needs. E.g., Tulibacki v. Prison Health Services, 1995 WL 710595 (E.D.Pa.1995)(dismissing deliberate indifference claim where the plaintiff's skin rash was treated with three different medications).

Where treatment is offered, as here, the mere allegation of an opinion difference between a patient and a doctor, or between two medical professionals, does not amount to "deliberate indifference to a serious medical need." White v. Napoleon, 897 F.2d 103, 110 (3d Cir.1990)( "there may ... be several acceptable ways to treat an illness."); Young, 960 F.2d at 358 n.18 (superceded by statute on other grounds)(an inmate's disagreement with prison personnel over the exercise of medical judgment does not state a claim for relief under section 1983). Finally, when a physician exercises professional judgment, his behavior does not violate a prisoner's constitutional rights. Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir.1990).

With the relevant law as a backdrop -and accepting as true the facts set out in his Complaint- the court finds draws the following conclusions. First, Innis has not sufficiently plead an Eighth Amendment claim because he only asserts that the medical treatment which has been provided to him has not afforded him relief from his symptoms. Brownlow v. Chavez, 871 F.Supp. 1061, 1064 (S.D.Ind.1994)("The Eighth Amendment does not guarantee a

prisoner's choice of a physician, a mode of treatment or a place of treatment, **nor does or could it guarantee a particular outcome or level of comfort in the face of physical maladies.**")(internal citations omitted)(emphasis added). That said, the fact that a prisoner continues to suffer some level of discomfort does not state a claim for deliberate indifference.

Second, any assertion -or implication) by Innis- that some type of medical care different than what he has been provided with might prove more effective in relieving his discomfort likewise does not state a claim. <u>Gamble</u>, 429 U.S. at 107 (failure of medical defendants to order x-ray for complaints of back pain does not state a claim for deliberate indifference where other treatment was provided); <u>Calloway v. Contra Costa County Jail Correctional Officers</u>, No. C 01-2689 SBA, 2007 WL 134581, at *31 (N.D.Cal. Jan.16, 2007)(rejecting "the proposition that a prisoner has an Eighth Amendment right to receive treatment in the location or with the provider of his choice").

The Complaint in this case clearly shows that Innis has been offered medical treatment each time he has complained of pain and discomfort. His disagreement with the treatment regimen, or his desire for a different treatment modality, cannot support a claim that the Medical Defendants were deliberately indifferent to his serious medical needs. Consequently, Innis's claims should be dismissed with respect to the Medical Defendants.

The remaining Defendants are non-medical prison personnel who, Innis alleges, failed to remedy his situation after he filed grievances challenging his treatment plan. Obviously, if there is no underlying denial of medical care, then prison officials cannot be held liable on a claim of supervisory liability. City of Los Angeles v. Heller, 475 U.S. 796 (1986)(jury finding that police officer did not violate the plaintiff's constitutional rights prevented finding of supervisory liability); Smith v. Carver, 2008 WL 436911 (E.D.Pa. 2008)(supervisory liability claim does not survive absent underlying constitutional violation). Even if Innis had made out a claim against the Medical Defendants for deliberate indifference, this alone would not support a claim against non-medical prison personnel. See, Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004)("[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference."). The remaining Defendants' Motion to Dismiss (Doc. 34) should be granted as well.

C. **Summary**

It is respectfully recommended that the Motions to Dismiss filed by the Defendants (Docs. 29 and 34) be granted.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by March 24, 2008.

March 7, 2008                s/Francis X. Caiazza
                                          Francis X. Caiazza
                                          United States Magistrate Judge

cc:
ROBERT INNIS
CT-3349
S.C.I FAYETTE
P.O. BOX 9999
Labelle, PA 15450-0999