**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

ROBERT INNIS,                )
                                       )
              Plaintiff,     )
                                       )
          v.                 )
                                       )     Civil Action No. 07-1343
HARRY WILSON, *et al.*,     )     Judge Lancaster
                                     )     Magistrate Judge Bissoon
                                     )
             Defendants.    )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that Defendants' Motions to Dismiss the Amended Complaint (Docs. 53 and 56) be granted.

### II. REPORT

Robert Innis ("Innis" or "Plaintiff") is a state prisoner currently incarcerated in the State Correctional Institution at Fayette ("SCI-Fayette"). Innis alleges in his complaint that he sustained injuries to his back and knee at SCI-Fayette when a table he was writing on collapsed on August 10, 2006 (Doc. 3, p. 4). Innis was seen by medical personnel after the incident, and was provided aspirin, a walking cane and an ace bandage for his knee. The following day, an x-ray of Plaintiff's back was negative, and he was given more medication by a physician's assistant (Id.). A few days later, Innis was unable to get out of bed, at which point he was taken to the hospital at SCI-Fayette and given a cortisone injection (Id.). Innis asserts that he has complained of pain in his back and knee, as well as headaches, "at least once every five (5) days" since August, 2006, and that he has been given a range of medications which, he asserts, "have

not helped." (Doc. 3, pp. 4-5).  Innis seeks compensatory damages and "total medical assistance without cost." (Doc. 3, p. 3).

Defendants filed Motions to Dismiss (Docs. 29 and 34), and a Report and Recommendation was issued by since-retired Magistrate Judge Caiazza recommending that the motions be granted.  Innis filed objections asserting, *inter alia*, that he had other claims to present, including a claim that Defendant PA Myers failed to give Innis medication after complaints Innis made in January, 2008.  Judge Lancaster agreed with the recommendations concerning dismissal of the claims raised in Innis's initial complaint, but entered an order granting Innis permission to amend his complaint to include any new claims (Doc. 50).  Innis, thereafter, filed an amended complaint in which he and added the following claims to those made in his initial complaint:  (1) on January 18, 2008, Innis complained of increasing pain and numbness, he was seen by PA Myers, but Innis was not given any medication at that time; and (2) two maintenance supervisors not named in the initial complaint acted negligently in repairing the table that collapsed, thereby causing Innis's injury.  Defendants have again moved to dismiss (Docs. 53 and 56) and those motions are now ripe for disposition.

## A. <u>Applicable Standard</u>

The standard applicable to a Rule 12(b)(6) motion is that dismissal is appropriate if no relief could be granted under any set of facts that could prove consistent with the allegations in the [we don't capitalize "complaint" or "amended complaint" above – need to pick one] complaint.  <u>Hishon v. Spalding</u>, 467 U.S. 69, 73 (1984); <u>Bartholomew v. Fischl</u>, 782 F.2d 1148, 1152 (3d Cir.1986).  Additionally, the Supreme Court recently clarified the Rule 12(b)(6) standard in <u>Bell Atlantic Corporation v. Twombly</u>. ___ U.S. ___, 127 S. Ct. 1955 (2007).  Specifically, the Court "retired" the language in <u>Conley v. Gibson</u>, 355 U.S. 41 (1957); *i.e.,* "'a

complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief.'" Twombly, 127 S. Ct. at 1968 (quoting Conley, 355 U.S. at 45-46). Instead, the Supreme Court instructed that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

**B. Analysis**

There is no need to again address the claims presented in the initial complaint as they still suffer from the same defects identified in the initial Report and Recommendation in this case, and Judge Lancaster has indicated his agreement that the allegations in the initial complaint fail to state a claim for relief. The disposition of Plaintiff's prior claims is, however, relevant to the new claims that have been raised. Magistrate Judge Caiazza's conclusion concerning the claimed denial of medical care, which was adopted by Judge Lancaster, was that Innis had not been denied treatment for his injuries, but that he simply disagreed with the treatment he was provided, and that this disagreement was not sufficient to support a claim that Defendants were deliberately indifferent to Innis's serious medical needs. Innis has now added an allegation that, on one occasion, when he complained of increased pain and some numbness, he was denied medication by PA Myers.

Generally, prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care. Estelle v. Gamble, 429 U.S. 97, 104 (1978). In the context of a claimed denial of medical treatment, an inmate must show two elements to demonstrate a violation of his Eighth Amendment rights: 1) that he was suffering from a "serious" medical need; and 2) that the prison officials were "deliberately indifferent" to the serious medical need. Id. Notably, even where there is a serious medical condition, a prisoner also must allege facts

that would permit a jury to conclude that the defendant prison officials acted with a sufficiently culpable state of mind.  Twombly, 127 S. Ct. at 1965 ("[f]actual allegations must be enough to raise a right above the speculative level").  Generally speaking, an **intentional** refusal to provide **any** medical treatment to an inmate suffering from a serious medical need manifests deliberate indifference and is actionable.  Young v. Quinlan, 960 F.2d 351 (3d Cir. 1992).  Even where no treatment is provided, however, there must be facts alleged from which an inference may be made that the failure to provide treatment was, in fact, intentional or deliberately indifferent to an inmate's serious medical need.  The Supreme Court has explicitly stated that "in the medical context, an **inadvertent** failure to provide medical care" does not rise to the level of deliberate indifference.  Gamble, 429 U.S. at 105-106(emphasis supplied).

Innis alleged in his initial complaint that he was provided treatment on numerous occasions after his injury in August, 2006.  This court determined that, in light of his allegations of continuing access to medical care, his complaint amounted to a disagreement with treatment provided, which does not rise to "deliberate indifference" for purposes of the Eighth Amendment.  This is so because, where treatment is offered, the mere allegation of an opinion difference between a patient and a doctor, or between two medical professionals, does not amount to "deliberate indifference to a serious medical need."  White v. Napoleon, 897 F.2d 103, 110 (3d Cir.1990)("there may . . . be several acceptable ways to treat an illness."); Young, 960 F.2d at 358 n.18 (superceded by statute on other grounds)(an inmate's disagreement with prison personnel over the exercise of medical judgment does not state a claim for relief under section 1983).

Plaintiff's claim as to PA Myers is of the same ilk as his dismissed claims.  He does not allege that he was ignored by PA Myers; PA Myers did treat him.  Further, the mere allegation

that Myers did not give Innis treatment or medication on this one occasion is not sufficient –

particularly in light of Innis's own admissions that Defendants' repeatedly attempted to alleviate

his pain and discomfort -- to state a claim for deliberate indifference.  Brownlow v. Chavez, 871

F.Supp. 1061, 1064 (S.D.Ind.1994)("The Eighth Amendment does not guarantee a prisoner's

choice of a physician, a mode of treatment or a place of treatment, **nor does or could it**

**guarantee a particular outcome or level of comfort in the face of physical**

**maladies**.")(internal citations omitted)(emphasis added); Gamble, 429 U.S. at 107 (failure of

medical defendants to order x-ray for complaints of back pain does not state a claim for

deliberate indifference where other treatment was provided).  Thus, Innis's complaint that he did

not received treatment or medication on one specific date, after consistent attempts to treat him

over a period of more than a year, is not sufficient to state a claim that Defendant Myers was

deliberately indifferent to Plaintiff's serious medical needs.

The remaining "new" claims to be addressed are two negligence claims Innis wishes to

assert against prison personnel (identified in the amended complaint as maintenance supervisors

Joe Monovich and Dewayne Bailey) who allegedly failed to fix the table that collapsed on

August 10, 2006.  The United States Constitution, however, is not a "font of tort law."  County

of Sacramento v. Lewis, 523 U.S. 833, 847 n.8 (1998).  Simply put, mere negligence by prison

officials, which results in an inmate's injury, fails to state an Eighth Amendment claim.  Dial v.

Murphy, 54 F.3d 776, 1995 WL 293888 (6th Cir.1995)(unpubl.)(); White v. Tyszkiewicz, 27

Fed.Appx. 314 (6th Cir.2001)(same).  Thus, Innis fails to state a cognizable claim for relief

against proposed new defendants Joe Monovich and Dewayne Bailey.

**C. <u>Summary</u>**

Based upon the above, it is respectfully recommended that the Motions to Dismiss the

Amended Complaint filed by the Defendants (Docs. 53 and 56) be granted.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule

72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are

due by October 20, 2008.


October 1, 2008                                           <u>s/Cathy Bissoon</u>
                                                         Cathy Bissoon
                                                         United States Magistrate Judge


cc:


ROBERT INNIS
CT-3349
S.C.I FAYETTE
P.O. BOX 9999
Labelle, PA 15450-0999