IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ROBERT INNIS, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) Civil Action No. 07-1343 |
| HARRY WILSON, et al., | ) Judge Lancaster |
| | ) Magistrate Judge Bissoon |
| Defendants. | ) |

## ORDER

Defendants' Motions to Dismiss were granted on October 24, 2008 (Doc. 65). Plaintiff has filed a Motion to Alter Judgment (Doc. 66) and a Motion for Leave to File Second Amended Complaint (Doc. 67). Both motions rely upon the allegation that DeWayne Bailey, identified as a maintenance supervisor at SCI-Fayette, disregarded a risk to Innis in failing to properly repair a table which collapsed, causing Innis to be injured. This precise allegation was addressed in the Report and Recommendation filed with respect to Defendants' Motions to Dismiss (Doc. 62). Plaintiff's current motion arises under Federal Rule of Civil Procedure 59(e), which vests the trial court with discretion to alter or amend a judgment. Le v. Univ. of Pa., 321 F.3d 403, 405-06 (3d Cir. 2003). The Court of Appeals for the Third Circuit has described the proper scope of such a motion, and the standard to be applied, as follows:

> The purpose of a motion for reconsideration, we have held, 'is to correct manifest errors of law or fact or to present newly discovered evidence.' Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest

injustice. See North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995).

Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). "Federal district courts should grant such motions sparingly because of their strong interest in finality of judgment." Seleras v. M/V Cartagena de Indias, 959 F.Supp. 270, 272 (E.D.Pa. 1997) (quoting Continental Cas. Co. v. Diversified Indus., Inc., 884 F.Supp. 937, 943 (E.D.Pa. 1995)). The narrow application of Rule 59(e) is illustrated by Durkin v. Taylor, 444 F.Supp. 879, 889 (E.D.Va. 1977), where the court noted that "[w]hatever may be the purpose of Rule 59(e) it ... [is not] ... intended to give the unhappy litigant one additional chance to sway the judge." In this case, Plaintiff clearly is seeking an additional chance to argue a claim that already has been rejected - an inappropriate use of Rule 59(e).

AND NOW, this 25th day of November, 2008, IT IS HEREBY ORDERED that Plaintiff's Motion to Alter Judgment (Doc. 66) and Motion for Leave to File Second Amended Complaint (Doc. 67) are DENIED.

Gary L. Lancaster
United States District Judge

cc:
ROBERT INNIS
CT-3349
S.C.I FAYETTE
P.O. BOX 9999
Labelle, PA 15450-0999